UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
JUN 27 2014
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Kenneth W. Ketchum, )
)
    Plaintiff, )
)
vs )
)
) CASE NO. 1:14-cv-1079 SEB-MJD
Highway Department of )
    Rush County Indiana )
)
    Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, Kenneth W. Ketchum (Plaintiff), and for his Complaint against the Highway Department of Rush County, Indiana (Defendant) would show:

### I.  INTRODUCTORY STATEMENT

1. This is an action to recover for employment discrimination under the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §12101 et. seq. (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No.102-166).

### II.  PARTIES

2. Plaintiff, Kenneth W. Ketchum, is an adult resident of Rush County, Indiana.

3. Defendant, Highway Department of Rush County, Indiana, is an administrative department of Rush County, Indiana.

### III.  JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be

appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Indiana law.

5. Venue in this case lies with this Court pursuant to Title 28, United States Code, Section 1391, for the reason the Southern District of Indiana is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

### IV. FILING WITH THE US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

6. The Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, and on or about April 1, 2014, the Plaintiff received the *Notice of Right to Sue* letter, copies of the *Notice of Right to Sue* letters is attached hereto, made a part hereof, marked Exhibit A.

### V. FACTUAL ALLEGATIONS

7. Plaintiff began employment with the Defendant as a driver in January 2008 and continued in such capacity until Plaintiff was fired in April 2014.

8. As a driver for the Defendant, Plaintiff's duties included driving and maintaining an assigned vehicle (a county dump truck), which included changing the vehicle oil, patch county roads, clear off road kill, act as flagman, generally perform any necessary functions in order to maintain the county roads, the county guardrails and the county road markers, mow and trim trees, maintain and erect county fencing, erect and maintain county road signs, operate other highway equipment and use the assigned truck to plow and salt/sand county roads.

9. The Defendant also required that a person filing the position of driver have a commercial driver's license. During the time Plaintiff was a driver for the Defendant, there were never other requirements for the position of driver, and there was never a minimum weight which a drive was required to lift.


10. While working in the position of driver for the Defendant in September 2012, Plaintiff sustained an injury to his right upper extremity (hyperextension of right arm), and because of the injury, Plaintiff was on medical leave from the job of driver for the Defendant.

11. Following a period of convalescence for the injury, Plaintiff was diagnosed with a permanent partial impairment of Plaintiff's right upper extremity of 25% and Plaintiff had a lifting restriction of 5-10 pounds.

12. Plaintiff attempted to resume his position as driver for the Defendant on April 2, 2013, and though Plaintiff could do the essential functions of the position of driver, both with and without reasonable accommodations, Plaintiff was informed by his boss, that because of his limitations, he was a 'danger' and was being terminated from the position of driver, immediately.

13. When Plaintiff was fired from the position of driver, Defendant had an available position of custodian. The position of custodian had been filled by a long-employed incumbent who had retired, and whose duties had been temporarily filled by several of the drivers. The duties of the custodian included cleaning and caring for the Defendant's equipment, building and facilities, but did not include any lifting requirements. Rather, the little lifting which was required of the custodian's position had previously completed by the incumbent through alternative methods, such as through the utilization of lifting equipment, through a team approach and through other simple, and reasonable, accommodations.

14. When Plaintiff was informed that he was being terminated from his position of driver, he asked to be assigned to the open position of custodian and assured his boss that he could perform all the functions of the position, just as the incumbent had done. Plaintiff's boss told Plaintiff, not that the position of custodian was filled or was not available, but instead that the position of custodian required that the custodian carry boxes of motor oil 'upstairs', that

Plaintiff could not carry a box of motor oil with his lifting restriction and therefore Plaintiff would not get the job.

15. Defendant, and in particular Plaintiff's boss knew that Plaintiff was a qualified individual with a disability who satisfied the requisite skill, experience, education and other job-related requirements of the position of driver and the position of custodian for the Defendant and that Plaintiff could, with or without reasonable accommodation, perform the essential functions of the position of driver and the position of custodian for the Defendant.

## VI. LEGAL CLAIM - TITLE I OF THE AMERICAN DISABILITIES ACT

16. Paragraphs 1 through 15 are hereby incorporated by reference as if fully set forth herein.

17. Defendant's conduct as described in this *Complaint* constitutes discrimination on the basis of disability in violation of Title I of ADA, 42 U.S.C. § 12111, et seq., and its implementing regulation, 29 C.F.R. Part 1630, in the following ways:

   a. Defendant has violated Title I of the ADA by terminating Plaintiff, an individual with a substantial impairment which significantly limits or restricts a major life activity, and who is and was a qualified individual with a disability who satisfies the requisite skill, experience, education and other job-related requirements of the employment position of driver for Defendant, and who, with or without reasonable accommodation, can perform the essential functions of the position of driver, because of Plaintiff's physical disability, because of Defendant's perception that Plaintiff was disabled and because of Plaintiff's record of disability.

    b. Defendant has violated Title I of the ADA by refusing to provide Plaintiff, an individual with a substantial impairment which significantly limits or restricts a major life activity, and who is a qualified individual with a disability who satisfies the requisite skill, experience, education and other job-related requirements of the employment position of custodian for Defendant, and who, with or without reasonable accommodation, can perform the essential functions of the position of custodian, with a reasonable accommodation by employing Plaintiff as custodian..

18. Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

19. Plaintiff has suffered, as a direct and proximate result of the conduct of the Defendant, loss of past, present and future earnings, bonuses, deferred compensation and other employment benefits, the exact amount of which is unknown at this time.

20. Plaintiff has suffered, as a direct and proximate result of the conduct of the Defendant, extreme and severe mental anguish, humiliation, embarrassment and emotional distress.

## VII.   RELIEF REQUESTED

WHEREFORE, Plaintiff seeks the following:

1. Grant judgment in favor of the Kenneth W. Ketchum and declare that the Highway Department of Rush County, Indiana has violated Titles I of the ADA, 42 U.S.C. § 12111 *et seq.*, and their accompanying regulations;

2. Award Plaintiff damages in an amount which will reasonably compensate Plaintiff for the lost wages, benefits and promotional opportunities, including an award of back pay for all lost salary and front pay compensating Plaintiff for loss of future salary and benefits;

3. Award Plaintiff damages in an amount which will reasonably compensate Plaintiff for the mental anguish, humiliation, embarrassment and emotional injury;

4. An award of reasonable attorney fees and costs; and

5. All other just and proper relief.

## VIII.   JURY DEMAND

1. Plaintiff requests a trial by jury.

<div style="text-align: right;">

LAW OFFICE OF ROBERT M. BAKER III

By: _____
Robert M. Baker III, #2532-49
Attorney for Plaintiff, Kenneth W. Ketchum

</div>

Robert M. Baker III
LAW OFFICE OF ROBERT M. BAKER III
Office: 9150 North Meridian Street Indianapolis, IN 46260
Mailing: P.O. Box 90289, Indianapolis, IN 46290-0289
Telephone: (317) 569-0900
Fax: (317) 569-1690
Email: rbaker@rbakerlaw.net

412395-Compl/9093-01